# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOCAL 702 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-cv-0369-MJR |
| ILLINOIS CONSOLIDATED TELEPHONE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Factual Background and Procedural History

On May 21, 2007, Plaintiff, Local 702 International Brotherhood of Electrical Workers ("Local 702" or "the Union"), filed a three-count complaint against Defendant, Illinois Consolidated Telephone Company ("ICTC"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185. The action now proceeds on the Union's amended complaint, filed July 31, 2007, (Doc. 20) and on ICTC's counterclaim, filed December 14, 2007 (Doc. 34). In Count I of the amended complaint, the Union seeks an order vacating Arbitrator Bruno Kozlowski's ("Kozlowski") award and directing ICTC to participate with the Union in requesting a new arbitrator. In the alternative, in Count II, the Union seeks the enforcement of its interpretation of the award - that Kozlowski ruled in its favor on the issue of whether ICTC could transfer Illinois NOC work to the Texas NOC. As a third alternative, in Count III, the Union seeks an order directing ICTC to proceed to arbitration on the

Union's two-part grievance filed March 27, 2007.[1] In ICTC's counterclaim, it seeks to enforce its interpretation of Kozlowski's award and to cause Local 702 to cease and desist its pursuit of a second, unilateral and duplicative arbitration.

ICTC is a wholly-owned subsidiary of Consolidated Communications Holdings, Inc. ("Consolidated"). The Union and ICTC are parties to a Collective Bargaining Agreement ("CBA" or "Agreement"). The parties' current CBA, effective November 15, 2005, through November 15, 2008, governs the terms and conditions of employment for ICTC employees, including those who work at ICTC's Network Operations Center ("NOC") in Mattoon, Illinois. Doc. 20, Exhibit 1. In April, 2004, Consolidated completed its purchase of Texas-based TXU Communications ("TXU"). TXU maintains a NOC in Lufkin, Texas. In 2006, Consolidated adopted a plan to integrate the functions of the Illinois NOC and the Texas NOC, including transfer of bargaining unit work from the Illinois NOC to the Texas NOC.

The Union filed a series of grievances protesting this transfer of bargaining unit work. The grievances were consolidated into one class action grievance which was arbitrated by Kozlowski, an impartial arbitrator chosen from a Federal Mediation and Conciliation Service panel, according to the terms of the CBA. On March 1, 2007, Kozlowski issued his Opinion and Award. Doc. 2, Plaintiff's Exhibit 1.

The Union asserts that the award should be vacated because it fails to resolve the sole issue presented and is ambiguous, factually inaccurate and incomprehensible. ICTC proposes

---

[1] In Count III of the amended complaint, the Union seeks to compel a fresh round of arbitration. On March 27, 2007, the Union filed a two-part grievance (clarified on May 2, 2007), based on ICTC's continued transfer of bargaining unit work allegedly in violation of Kozlowski's award. ICTC has refused to proceed to arbitration on this grievance because it believes that Kozlowski's award was in its favor, and, therefore, it will not arbitrate the alleged violation of the award.

2

seeking clarification by resubmitting to Kozlowski the issue the parties originally asked him to decide. The Union rejects this offer as futile, and as risking further confusion and an arbitrary interpretation of the facts. ICTC rejects the Union's proposal to submit the issue to another arbitrator.

The parties' cross-motions for summary judgment are fully briefed, and, after a hearing on July 2, 2008, the Court rules as follows.

## II. Legal Standard and Analysis

The Seventh Circuit has clarified that the "usual Rule 56 standard of review applies to cross-motions for summary judgment." ***Int'l Brotherhood of Elec. Workers v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002) (citing *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983)**. Thus, in evaluating the Union's arguments for summary judgment and determining whether a genuine issue of material fact remains, the Court construes the record in the light most favorable to non-movant ICTC. In evaluating ICTC's motion and determining whether a genuine issue of material fact remains, the Court construes the record in the light most favorable to non-movant the Union.

In Count I, the Union seeks to vacate the arbitration award under 9 U.S.C. § 10, which provides that an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." The Union wishes to select an arbitrator from a new panel and to proceed to arbitration again on the issue previously presented to Kozlowski.

The Supreme Court, in ***Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504 (2001)**, delineated judicial review of labor-arbitration decisions as follows:

> Judicial review of a labor-arbitration decision pursuant to such an agreement is very limited. Courts are not authorized to review the arbitrator's decision on the merits

3

despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. We recently reiterated that if an 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.' It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense [s] his own brand of industrial justice' that his decision may be unenforceable. When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award. **Garvey, 532 U.S. at 509 (internal citations omitted)**.

Thus, the Court cannot review the merits of an arbitrator's award even if a party to the award alleges factual errors or misinterpretation of the underlying contract if the arbitrator is "arguably construing" the contract and "acting within the scope of his authority." Allowing courts the "final say" on the merits of a grievance would undermine arbitration.

As amplified by the Seventh Circuit, while "[a]n arbitrator's authority is limited to interpretation and application of the CBA, ...'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" ***Local 15, Intern. Broth. of Elec. Workers, AFL-CIO v. Exelon Corp*. 495 F.3d 779, 784 (7th Cir. 2007) (citations and quotations omitted)**. Therefore, even if the Court were convinced - which it is not - that Kozlowski committed serious error, it could not overturn his decision because it is evident from his Opinion and Award that he was construing and applying the CBA, particularly focusing on § 14.01 "versus" § 14.04,[2] and that he was acting within the scope of his authority.

---

[2]"**14.01** There shall be vested in the Company as the sole responsibility of management the right to hire and maintain order and efficiency including the right to discharge for cause....
   **14.04** The provisions of this Agreement shall not be deemed to prevent the Company from assigning to person employed by the Company (but who are not employees as defined herein) employee work, if such assignment shall not cause the lay-off or reduction from full-time to part-time work of an employee and shall not be sufficient to require the employment of an

4

Finally, even if Kozlowski's opinion were ambiguous, "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, **363 U.S. 593, 597-598 (1960)**. "Arbitrators have no obligation to the court to give their reasons for an award. To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions." *Id*. **(footnote omitted)**.

For these reasons, the Union's claim that Kozlowski's award should be vacated and a new arbitrator chosen must fail.

In the alternative, in Count II, the Union seeks to enforce its interpretation of the arbitration award. The Union contends that, if the award can be understood at all, the Court should interpret it as finding that ICTC violated the CBA and/or past practice by transferring bargaining unit work from the Illinois NOC to the Texas NOC. The Union complains that ICTC has failed and refused to honor Kozlowski's award by continuing to transfer bargaining unit work to Texas.

Although the award is somewhat tangled in a maze of verbiage, it is the opinion of the undersigned judge that the Union's interpretation of the award is correct and that it should be enforced. Kozlowski found that ICTC violated the CBA when it transferred bargaining unit work from Local 702 to Texas. As a result, he directed the parties to calculate the monetary value of the one position he identified that ICTC had moved from Illinois to Texas in violation of the CBA.

The statement stipulated by the parties that Kozlowski was to decide was: "Did Illinois Consolidated Telephone Company violate the collective bargaining agreement and/or the

---

additional full-time employee. Such assignments shall be made on the basis of efficiency and not with the intent of preventing a call-out or the assignment of extra days to an employee." Doc. 2, Plaintiff's Exhibit 1, Agreement between ICTC and the IBEW, November 15, 2005 to November 15, 2008.

5

past practice when they transferred the work of network surveillance, network trouble resolution, and network maintenance work from Local 702 representing network operating center technicians, also known as 'switching technicians' in Mattoon, Illinois to the Communication Works of America representing network operating center technicians and/or non-represented engineers in Lufkin, Texas."

Kozlowski heard testimony on bargaining unit work transferred or reassigned to the Texas NOC on the basis of reduced workforce, reduced overtime and night shift premium for hours worked. He found that attrition is seldom considered a layoff in the agreement or practices in various industries and that reassignment is not a loss of work. Kozlowski continued that, under § 14.04, ICTC can assign work to employees who are not members of Local 702 *if* that assignment does not cause layoff or reduction from full-time to part-time work of an employee *and* if that assignment is not sufficient to require hiring an additional full-time employee. He further found that the Union had proven no violations of provisions for overtime work (Article 9.01) or night shift premium (Article 9.5).[3]

Kozlowski then arrived at the conclusions most relevant to the current proceedings. He stated that ICTC did not properly apply § 14.04. He determined that, "The language is specific, although not clear, to substantiate Local 702 IBEW's *entire position* on transfer of work from Illinois NOC to Texas NOC." Opinion and Award, p. 6, ¶1 (emphasis added). Although ICTC's counsel argued that the phrase "although not clear" alters or negates the meaning of the sentence, the Court does not agree. It could scarcely be clearer that Kozlowski ruled in favor of the Union's position on transfer of work from Illinois NOC to Texas NOC.

---

[3]At oral argument, the Union stated that these issues were raised solely to show that the amount of work transferred was not *de minimis*. According to the Union, it did not claim that these actions violated the contract, but Kozlowski misunderstood.

Kozlowski then stated, "Union protects its members from loss of work as per the current agreement, and in this instance I can only find one (1) position short of an adjusted period estimated and declared by reason January 1, 2006.... As no monetary award can be substantiated, the parties must assume the responsibility of calculation as to a reasonable amount as referred to the January 1, 2006 date of work being performed and moved from Illinois NOC to Texas NOC." *Id*., ¶¶ 4, 7. As the Court interprets these fairly unambiguous statements, Kozlowski found that one position had been transferred in violation of the CBA. The phrase, "no monetary award can be substantiated," the Court interprets in context as meaning that Kozlowski could not determine the amount of the award. Instead, he directed the parties to calculate a reasonable amount as a monetary award or sanction for the work that was transferred. At oral argument, the Union stated that it would waive a monetary remedy as long as work was returned to the employees.

In sum, Kozlowski answered in the affirmative the stipulated statement that ICTC violated the CBA in transferring work and directed the parties to calculate the monetary value of the one position transferred from Illinois to Texas.

As to ICTC's counterclaim, it appears that ICTC has misread, or has read selectively, Kozlowski's award. Although the opinion, generally, is far from a model of clarity, Kozlowski's ultimate finding, as set forth above is crystal clear - the Union's entire position on transfer of work from Illinois NOC to Texas NOC was substantiated. Opinion and Award, p. 6, ¶1. ICTC's interpretation of Kozlowski's opinion is that he awarded "no remedy or relief to the Union," and that the opinion "contains no language ordering ICTC to take any action, nor does it award damages or any other form of relief to Local 702." Doc. 34, Counterclaim ¶ 26. To the contrary, Kozlowski found for the Union but was unable to determine the amount of the monetary award. He directed the parties to "assume the responsibility of calculation as to a reasonable amount as referred to the

7

January 1, 2006 date of work being performed and moved from Illinois NOC to Texas NOC." *Id*., ¶ 7. Stated simply, ICTC's counterclaim fails because it relies upon a misinterpretation of Kozlowski's award.

### III. Conclusion

For all of these reasons, the Court **GRANTS** the Union's motion for summary judgment (Doc. 37) and **DENIES** ICTC's motion for summary judgment (Doc. 36). The Court **ORDERS** that Arbitrator Kozlowski's Opinion and Award be enforced under the Union's interpretation and **FURTHER ORDERS** that ICTC cease transfer of bargaining unit work in violation of the parties' CBA. The Clerk of Court shall **ENTER JUDGMENT** in favor of Plaintiff, International Brotherhood of Electrical Workers, Local Union No. 702, and against Defendant, Illinois Consolidated Telephone Company. This case is closed.

**IT IS SO ORDERED.**

**DATED this 14th day of July, 2008**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**